IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

_____

LAKEDA MCLEMORE and
her husband, NORMAN MCLEMORE,

    Plaintiffs,

v.                                                                NO. _____
                                                        JURY DEMANDED

ZODER'S COURT, INC. d/b/a
ZODER'S INN & SUITES,

    Defendant.

_____

**COMPLAINT FOR DAMAGES**
_____

Come now the Plaintiffs, LAKEDA MCLEMORE and her husband, NORMAN MCLEMORE, by and through undersigned counsel, and hereby sue the Defendant, ZODER'S COURT, INC. d/b/a ZODER'S INN & SUITES, and allege as follows:

**PARTIES**

1. At all times relevant to this Complaint, the Plaintiff, LAKEDA MCLEMORE, was a citizen and resident of the State of Michigan, residing at 1806 Greenbriar Lane, Flint, MI 48507.

2. At all times relevant to this Complaint, the Plaintiff, NORMAN MCLEMORE, was a citizen and resident of the State of Michigan, residing at 1806 Greenbriar Lane, Flint, MI 48507.

3. At all times relevant to this Complaint, the Defendant, ZODER'S COURT, INC. d/b/a ZODER'S INN & SUITES, was incorporated in Tennessee having its principal place of business at 402 Parkway, Gatlinburg, TN 37738, which may be served with process

1

through its Registered Agent as identified through the Tennessee Secretary of State website: Matthew Zoder, 402 Parkway, Gatlinburg, TN 37738.

## JURISDICTION AND VENUE

4. Plaintiffs' cause of action arises in tort as a result of injuries and damages sustained due to the negligence of the Defendant, Zoder's Court, Inc. d/b/a Zoder's Inn & Suites, in Gatlinburg, Sevier County, Tennessee on or about November 23, 2022.

5. Venue is properly situated in this Court pursuant to 28 U.S.C. § 1391(b).

6. This Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1332(a)(1).

## FACTS

7. Upon information and belief, the Defendant, Zoder's Court, Inc. d/b/a Zoder's Inn & Suites, owned, managed, maintained and/or controlled the parking lot located at 402 Parkway, Gatlinburg, Tennessee at the time of the incident.

8. On or about November 23, 2022, Plaintiff Lakeda McLemore was an invitee in the unlit parking lot located on the premises at 402 Parkway, Gatlinburg, Tennessee.

9. In the unlit parking lot, there was a large, uncovered hole approximately two feet in diameter.

10. While walking in the parking lot to her room, Plaintiff's leg became ensnared in the uncovered hole which caused her to fall.

11. Defendant's employees and/or agents failed to notify Plaintiff that the parking lot surface contained an uncovered hole or otherwise posed a danger to persons traversing on same.

12. Defendant's employees and/or agents provided no visual warning signs or other warning of the dangerous condition created by the uncovered hole.

13. Plaintiff would further show unto the Court that Plaintiff was exercising due care and caution for her own safety but that because the dangerous condition created by the uncovered hole was not obvious, she was unable to avoid becoming ensnared and falling.

14. As a result of this incident, the Plaintiff sustained serious and painful injuries that required immediate and extensive medical attention.

## CAUSE OF ACTION
## NEGLIGENCE

15. The Plaintiffs repeat the allegations contained in paragraphs 1 – 14 as though set forth herein verbatim.

16. The Defendant owed the Plaintiffs a reasonable degree of care in maintaining its premises in such a manner so as not to create a dangerous condition that would endanger persons and, specifically, Plaintiffs, when traversing the parking lot maintained by the Defendant. The Defendant failed in that duty as specifically stated herein and said failure of duty constituted negligence that was the proximate cause of the incident complained of herein and the injuries suffered by the Plaintiffs as a direct result of said incident.

17. The Defendant, through the actions of its employees and/or agents, failed to inspect the parking lot and notify Plaintiffs of said dangerous condition where members of the public and individuals like Plaintiffs would ordinarily be expected to traverse.

18. The Defendant, through the actions of their employees and/or agents, were negligent in failing to warn members of the public, and specifically Plaintiffs, of the dangerous condition of the parking lot.

19. The Defendant had a duty to monitor and oversee their employees and agents and was negligent in failing to do so.

20. The Defendant, through the actions or inactions of their employees and/or agents, were negligent in failing to place any warning signs or visual cues as to the dangerous condition of the parking lot.

21. The Defendant, through the actions or inactions of their employees and/or agents, were negligent in failing to maintain a safe environment for Plaintiffs and the general public while traversing the parking lot.

22. Upon information and belief, the Defendant had or should have had actual and/or constructive notice of the dangerous condition that caused Plaintiffs' injuries and damages.

23. As a proximate result of the negligence of the Defendant, Plaintiff Lakeda McLemore suffered severe injuries which required medical attention.

24. As a proximate result of the negligence of the Defendant, Plaintiff Lakeda McLemore endured pain and suffering which would not have otherwise occurred.

25. As a proximate result of the negligence of the Defendant, Plaintiff, Norman McLemore, lost consortium of his wife for a period of time.

## COMPENSATORY DAMAGES

26. The Plaintiffs repeat the allegations contained in paragraphs 1 – 25 as though set forth herein verbatim.

27. As a direct and proximate result of the incident described herein, the Plaintiff, Lakeda McLemore, suffered considerable damages. She has undergone extensive medical treatment in an effort to treat, cure and alleviate her injuries and conditions.

4

28. As a direct and proximate consequence of this incident, the Plaintiff, Lakeda McLemore, suffered injuries that have caused her to lose the ability to carry out and enjoy life's normal activities.

29. As a direct and proximate result of this incident, the Plaintiff, Lakeda McLemore, suffered:

    a. Physical pain and mental suffering;

    b. Medical care in the past and to be obtained in the future;

    c. Pain and suffering in the past and to be experienced in the future; and

    d. Loss of enjoyment of life.

30. As a proximate result of the negligence of the Defendant, the Plaintiff, Norman McLemore, lost the consortium of his wife for a period of time.

**RELIEF SOUGHT**

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiffs, Lakeda McLemore and her husband, Norman McLemore, respectfully pray:

1. That the Plaintiffs be awarded the present cash value of any medical care and treatment that she will have to undergo in the future;

2. That the Plaintiffs be awarded special damages for medical, hospital and doctors' expenses incurred, according to proof;

3. That the Plaintiffs be awarded compensatory damages in an amount not less than Two Hundred Fifty Thousand Dollars ($250,000.00);

4. That the Plaintiffs be awarded post-judgment interest as allowed by law;

5. That a jury be empaneled to try the issues when joined; and

6. Such further relief as the Court may deem just and equitable.

Respectfully submitted,

901Attorneys, LLC

s/ David A. McLaughlin
David A. McLaughlin, Esq. (015561)
Attorney for the Plaintiffs
200 Jefferson Avenue – Suite 900
Memphis, TN 38103
(901) 671-1551 phone
(901) 671-1571 fax
David@901Attorneys.com

6