UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| LAKEDA MCLEMORE, *et al.*, | ) | |
| | ) | |
| *Plaintiffs*, | ) | Case No. 3:23-cv-416 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| ZODER'S COURT, INC. d/b/a ZODER'S INN AND SUITES, | ) | Magistrate Judge McCook |
| | ) | |
| *Defendant.* | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Zoder's Court, Inc.'s Motion for Summary Judgment [Doc. 33]. For the following reasons, the Motion [Doc. 33] is **GRANTED**.

### I.   BACKGROUND

This is a premises liability case. Shannon Akey, the general manager of Defendant's hotel, was performing plumbing work in one of the hotel's units. [Doc. 42-3 at 17–18, 20]. As part of this work, he removed the cover from a water valve access point located in the hotel's parking lot so that he could shut off water to the unit. [*Id.*]. He replaced the access point's cover and placed both a piece of plywood and a "caution triangle" over the access point sometime before he finished working for the day which typically occurred around 4:00 PM. [*Id.*]. Between 9:30 PM and midnight that night, Plaintiffs Lakeda and Norman McLemore (guests of the hotel) were walking back to their room when Mrs. McLemore fell into the access point which was now uncovered with no plywood or caution triangle in sight. [Doc. 42-2 at ¶¶ 3–7; Doc. 42-4 at 16–17].

As a result of this incident, Plaintiffs filed the instant lawsuit alleging that Defendant failed to properly maintain its premises and/or warn them of the dangerous condition presented by the uncovered access point. [Doc. 1]. Now, Defendant moves for summary judgment, asserting that it

cannot be held liable because the record shows that it did not leave the access point uncovered and that it lacked both actual and constructive notice that the access point was uncovered at the time Mrs. McLemore fell. [Doc. 33].

II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 instructs the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A party asserting the presence or absence of genuine issues of material facts must support its position either by "citing to particular parts of materials in the record," including depositions, documents, affidavits or declarations, stipulations, or other materials, or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56 (c)(1). When ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may discharge this burden either by producing evidence that demonstrates the absence of a genuine issue of material fact or simply "by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Where the movant has satisfied this burden, the nonmoving party cannot "rest upon its . . . pleadings, but rather must

set forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009) (citations omitted).

The nonmoving party must present sufficient probative evidence supporting its claim that disputes over material facts remain and must be resolved by a judge or jury at trial. *Anderson*, 477 U.S. at 248–49 (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253 (1968)); *see also White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 475-76 (6th Cir. 2010). A mere scintilla of evidence is not enough; there must be evidence from which a jury could reasonably find in favor of the nonmoving party. *Anderson*, 477 U.S. at 252; *Moldowan*, 578 F.3d at 374. If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323.

### III.  ANALYSIS

Defendant asserts that it is entitled to judgment as a matter of law because the record shows that it neither left the access point uncovered nor had actual or constructive notice that it was uncovered prior to Mrs. McLemore's fall. [Doc. 33]. Plaintiffs, on the other hand, maintain that there are genuine disputes of fact concerning these issues that preclude summary judgment. [Doc. 42] After reviewing the record, the Court finds that there are no genuine disputes of material fact and that Defendant is entitled to judgment as a matter law.

Under Tennessee law, which governs in this case, a premises owner can only be held liable for a dangerous and defective condition on its property if the plaintiff proves both the traditional elements of a negligence claim and either "(1) that the condition was caused or created by the premises owner or [its] agent, or (2) if the condition was created by someone other than the owner or his agent, that the premises owner had actual or constructive notice of the dangerous or defective

3

condition prior to the accident." *Williams v. Linkscorp Tenn. Six, L.L.C.*, 212 S.W.3d 293, 296 (Tenn. Ct. App. 2006) (citing *Blair v. W. Town Mall*, 130 S.W.3d 761, 764 (Tenn. 2004)). Here, the parties' dispute concerns these last two alternative elements. Accordingly, whether Defendant is entitled to judgment as a matter of law depends on whether it either (1) uncovered the access point or (2) had actual or constructive notice that the port was uncovered.

### 1. Neither Defendant nor its agents left the water valve access point uncovered.

Plaintiffs contend there is a genuine dispute of material fact as to whether Akey replaced the access point's cover before leaving for the day. [Doc. 42 at 5–8]. They support this contention that by correctly noting that although Akey claims to have replaced the access point's cover and then placed plywood and a caution triangle on top of it, the record shows that the access point was uncovered and that there was no plywood or other barrier around it at the time Mrs. McLemore fell. [*Id.* at 6–7; *see also* Doc. 42-2 at ¶¶ 3–7; Doc. 42-4 at 16–17]. The problem with Plaintiffs' argument, however, is that whether the access point was uncovered at the time Mrs. McLemore fell does not contradict or otherwise dispute the evidence showing the Akey replaced the access point's cover before he left for the day. [Doc. 42-3 at 17–18, 20]. Even if Akey replaced the access point's cover right before leaving, it would still have been several hours before Mrs. McLemore fell, time during which anyone could have removed the access point's cover, the plywood, and the caution triangle. [*See id.* at 14–18, 20, 22, 40; Doc. 36-2 at ¶ 9]. While the Court must view the evidence in the light most favorable to Plaintiffs and draw all reasonable inferences in their favor, *Nat'l Satellite Sports, Inc.*, 253 F.3d at 907, it cannot create a dispute where one does not exist. The mere fact that the access point was uncovered at the time Mrs. McLemore fell does not create a genuine dispute concerning whether Defendant or its agents left the access point uncovered.

4

Rather, the undisputed evidence shows that Akey replaced the access point's cover before leaving for the day. [Doc. 42-3 at 17–18, 20]. Furthermore, to the extent Plaintiffs attempt to question the veracity of Akey's testimony, [*see* Doc. 42 at 6–8], "a nonmoving party cannot merely rely on an allegation that a jury may not believe the moving party's witnesses in order to avoid a summary judgment[.]" *Highlands Hosp. Corp. v. Dist. 1199 WV/OH Nat'l Union of Hosp. & Health Care Emps.*, 758 F. Supp. 414, 416 (E.D. Ky. 1990).

### 2. Defendant lacked both actual and constructive notice that the water valve access point was uncovered prior to Mrs. McLemore falling.

As the undisputed evidence shows that neither Defendant nor its agents left the access point uncovered, Plaintiffs can only avoid summary judgment if Defendant had either actual or constructive notice that the access point was uncovered. Because the record reflects that Defendant had neither form of notice, it is entitled to judgment as a matter of law.

Regarding actual notice, the record reflects that neither Akey nor any of Defendant's other employees were aware that the access point's cover had been removed after Akey had replaced it, the plywood, and the caution triangle by the end of his workday. [*See* Doc. 36-2 at ¶¶ 8, 11–14; Doc. 36-1 at 3–4]. Consequently, the undisputed facts establish that Defendant lacked actual notice that the access point was uncovered prior to Mrs. McLemore's fall.

This leaves the issue of constructive notice. Constructive notice may be established in one of two ways. First, it "may be established by showing that a dangerous or defective condition existed for such a length of time that the property owner, in the exercise of reasonable care, should have become aware of it." *Parker v. Holiday Hosp. Franchising, Inc.*, 446 S.W.3d 341, 351 (Tenn. 2014). Second, it "may also be established by showing that the dangerous condition resulted from 'a pattern of conduct, a recurring incident, or a general or continuing condition.'" *Id.* (quoting *Blair*, 130 S.W.3d at 765). Here, the record is devoid of any evidence suggesting there was a

5

Case 3:23-cv-00416-CEA-JEM   Document 44   Filed 02/06/25   Page 5 of 7   PageID #: 311

pattern of access points being left uncovered or that this was an otherwise common event. [Doc. 36-2 at ¶ 10 (Akey noting that the water valve access point's cover "is always replaced immediately after the valve is accessed"); Doc. 42-3 at 37 (Akey stating that there has never been a situation where an access point cover has gone missing "[b]ecause we put the covers right back, and nobody generally touches them.")]. As a result, whether Defendant had constructive notice depends on whether the uncovered access point "existed for such a time that [Defendant], in the exercise of reasonable case, should have become aware of it." *Parker*, 446 S.W.3d at 351 (Tenn. 2014).

The undisputed evidence shows that no one knows when the access point was uncovered after Akey left, who uncovered it, or for what purpose it was uncovered. [Doc. 36-1 at 4–7; Doc. 36-2 at ¶¶ 8, 11–14; Doc. 36-3 at 4]. This lack of information, particularly concerning the length of time the access point was uncovered, is fatal to any claim that Defendant had constructive notice. *Hardesty v. Serv. Merch.*, 953 S.W.2d 678, 682 (Tenn. Ct. App. 1997) ("As a general rule, constructive knowledge cannot be established without some showing of the length of time the dangerous condition had existed."); *see also Fowler v. City of Memphis*, 514 S.W.3d 732, 739–40 (Tenn. Ct. App. 2016) (same). Accordingly, Plaintiffs cannot establish that Defendant had constructive knowledge that the access point was uncovered at the time Mrs. McLemore fell.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs cannot establish either (1) that Defendant or its agents left the access point uncovered or (2) that Defendant had actual or constructive notice that the access point was uncovered at the time Mrs. McLemore fell. Accordingly, Defendant is entitled to judgment as a matter of law, and its Motion for Summary Judgment [Doc. 33] is **GRANTED**. This matter is **DISMISSED**. An appropriate judgment order will enter.

6

**SO ORDERED**.

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**